**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| WANDA L. LONG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 15-cv-2154-SHL-dkv |
| SHELBY COUNTY SCHOOLS AND | ) | |
| TAMMY WILSON, | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the magistrate judge's Report and Recommendation for Partial Sua

Sponte Dismissal and Order to Supplement Complaint ("Report"), filed March 17, 2015. (ECF

No. 6.) In the Report, the magistrate judge recommended that the claims asserted against

Tammy Wilson ("Ms. Wilson") in Wanda L. Long's ("Ms. Long") *pro se* Complaint (ECF No.

1) be dismissed *sua sponte* for failure to state a claim and that Ms. Long be given 30 days to

supplement her Complaint with her EEOC Notice of Right to Sue letter, which she failed to

include in her original Complaint. Ms. Long responded on March 27, 2015, and included the

EEOC Right to Sue Letter as well as a brief objection to dismissing the claims against Ms.

Wilson.[1] (ECF No. 7.) Finding no clear error in the magistrate judge's report, the Court hereby

ADOPTS it in its entirety.

STANDARD OF REVIEW

A magistrate judge may submit to a judge of the court proposed findings of fact and

recommendations for the disposition of any pretrial matter pending before the court. 28 U.S.C. §

---

[1] Ms. Long appears to have attached the requested document to her objections. (See ECF No. 7-1.)

636(b)(1)(A). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 149 (1985). After reviewing the evidence, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. After conducting a *de novo* review, a district court is not required to articulate all of the reasons it rejects a party's objections. Tuggle v. Seabold, 806 F.2d 87, 92 (6th Cir. 1986).

ANALYSIS

In her Report, the magistrate judge pointed out that Ms. Wilson is not listed as a defendant in the style of the case, but she is listed in the body of the complaint under the heading "PARTIES." In Ms. Long's previously filed complaint with the Tennessee Human Rights Commission she identified Ms. Wilson as the cafeteria supervisor. The magistrate judge assumed that Ms. Wilson was Ms. Long's supervisor and determined that, because there is no remedy under Title VII against a supervisor in his or her individual capacity, Ms. Long could maintain neither a race-based discrimination claim against Ms. Wilson nor a retaliation claim against her.

Ms. Long does not appear to dispute this legal conclusion in her objections, but instead offers reasons as to why she did not originally include Ms. Wilson as a party to the lawsuit. Because the magistrate judge assumed, for the purposes of her ruling, that Ms. Wilson actually was a party to the lawsuit, Ms. Long's objections are meritless. Having found the objections to

be without merit, the Court hereby ADOPTS the magistrate judge's Report in its entirety.

**IT IS SO ORDERED,** this 17th day of April, 2015.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
UNITED STATES DISTRICT JUDGE